## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CARMANITA GONZALES,

      Plaintiff,

v.                                   Case No. 2:09-CV-13590-DT

FEDERAL BUREAU OF INVESTIGATIONS, et
al.,

      Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
### *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING COMPLAINT

On September 11, 2009, Plaintiff Carmanita Gonzales initiated the above-captioned action, alleging that Defendants Federal Bureau of Investigations and Social Security Administration have violated Plaintiffs rights under the Freedom of Information Act (the "FOIA").  Contemporaneous to filing her complaint, Plaintiff filed an application to proceed *in forma pauperis.*  The court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).[1]  For the reasons stated below, the court will summarily dismiss Plaintiff's complaint for failure to state a claim upon which the court can grant relief, pursuant to 28 U.S.C. § 1915(e)(2).

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2).  *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  Section 1915(e)(2) requires district courts to screen and to dismiss

---

[1]In her application to proceed *in forma pauperis*, Plaintiff states that she is unemployed, that she has no money in any account, and that she has no other assets.  Accordingly, the court will grant Plaintiff's application to proceed *in forma pauperis.  See* 28 U.S.C. § 1915(a)(1).

complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To state a claim upon which relief may be granted, a plaintiff must show, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005), "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Thus, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* (quoting *Twombly*, 550 U.S. at 557).  To avoid dismissal, Plaintiff's complaint must cross "the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

2

The court finds that Plaintiff has failed to state a claim against Defendants. Plaintiff asserts that Defendants violated the FOIA by refusing to release her records and claims she is therefore entitled to damages in the amount of seven million dollars. However, the Sixth Circuit has explicitly held that "[a]n award of damages is not authorized for an alleged violation of [the] Freedom of Information Act under 5 U.S.C. § 552." *Cooper v. Meese,* No. 88-5705, 1989 WL 25765, at *1 (6th Cir. Feb. 27, 1989). Because Plaintiff does not have even an arguable claim to relief, the court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

For the reasons stated above, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  October 16, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 16, 2009, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522